**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martice Deshawn Wallace,<br><br>    Plaintiff,<br><br>v.<br><br>Ryan Thornell,<br><br>    Defendant. | No. CV-23-00321-PHX-DJH (JZB)<br><br>**ORDER** |

This matter is before the Court on the Report and Recommendation ("R&R") issued by United States Magistrate Judge John Z. Boyle on November 4, 2024 (Doc. 42). The R&R recommends the following rulings:

- Plaintiff should be permitted to supplement Counts One and Two of the First Amended Complaint. (*Id*. at 1).
- Plaintiff should not be allowed to amend Counts Three, Four, or Five.

(*Id*. at 7–8). Judge Boyle advised the parties that they had fourteen days to file objections to the R&R. (*Id*. at 10). Plaintiff Martice Deshawn Wallace ("Plaintiff") filed his Objection ten days later, on November 14, 2024 (Doc. 44). Defendant Ryan Thornell ("Defendant") filed a Response to Plaintiff's Objection. (Doc. 45). Having reviewed the R&R *de novo* in light of Plaintiff's timely Objection, the Court finds that the R&R should be accepted in all respects and will adopt it as the Order of the Court.

## I.   Background

The R&R recounted the factual and procedural background regarding Petitioner's

Motion to Amend his Complaint (Doc. 30). (Doc. 42). Neither party objected to this recounting and the Court will accept and adopt it, but will briefly restate the facts pertinent to its review.

Plaintiff brought four counts against Defendant: (1) that the Arizona Department of Corrections, Rehabilitation, and Reentry's ("ADC") Department Order 914 ("DO 914") violated his First Amendment right to freedom of expression because the policy was unconstitutionally vague and overbroad, and it was being enforced to censor non-nude or non-sexually-explicit materials; (2) that DO 914 was unconstitutional as applied to Plaintiff, because Defendant censored non-nude and non-sexually explicit materials sent to Plaintiff in violation of the First Amendment; (3) that Defendant's procedures for appealing these determinations are inadequate and ineffective, and violate the Due Process Clause of the Fourteenth Amendment; and (4) that Defendant's Department Order governing grievance procedures was inadequate, ineffective, and also violative of the Fourteenth Amendment's Due Process Clause. (Doc. 7 at 3-8).

On June 22, 2023, the Court screened the First Amended Complaint ("FAC"). (Doc. 8). It dismissed Counts Three and Four against Defendant, but directed him to answer Counts One and Two. (*Id*. at 12). Defendant then moved to dismiss the FAC, arguing that "the prison mail policy on which the Plaintiff-inmate's injunctive relief claims are based has been replaced by a new policy." (Doc. 16 at 1). The Court denied Defendant's Motion to Dismiss. (Doc. 38).

Before the Motion to Dismiss was decided, Plaintiff moved to amend the FAC. (Doc. 30). In Count One of the Second Amended Complaint, Plaintiff has updated his allegations to address the updated DO 914 policy, which Plaintiff contends is still unconstitutionally vague and overbroad. (Doc. 31 at 5). Plaintiff alleges that prison officials continue to subjectively censor constitutionally protected content statewide, and that the provision of the updated policy providing for reconsideration is a "sham" and "subterfuge" because his requests for reconsideration have been ignored. (*Id*. at 7). In Count Two, Plaintiff updated his "as applied" challenge to DO 914 to address the updated

version of the policy. (*Id*. at 11).

In Count Three, Plaintiff brought a Fourteenth Amendment claim citing the lack of due process in disciplinary proceedings. (*Id*. at 14). Plaintiff alleges that on July 23, 2023, after the Complaint initiating this action was filed, Defendant Santos Salgado initiated the "Incident Command System" due to an alleged physical altercation in the dining area. (*Id*). Plaintiff alleges that despite passing a "body-knuckle search," he was implicated in the incident by Defendant Salgado, an account which the Plaintiff claims was knowingly fabricated and belied by video camera footage. (*Id*). Plaintiff further alleges that Defendant Barragan (first name unknown) "intentionally failed to conduct [a] full, fair, unbiased investigation into the charge" by failing to interview staff and failing to require them to submit reports. (*Id*. at 15). Plaintiff alleges he was denied copies of the available information reports, camera footage, and other evidence before his disciplinary hearing. (*Id*. at 15–16). At his hearing, Plaintiff alleges Defendant O. Martinez ("Martinez") failed to remedy the procedural defects in the charge and failed to make evidence available to Plaintiff. (*Id*. at 17). Plaintiff states Defendant Barragan admitted to erroneously stating Plaintiff had admitted guilt. (*Id*. at 18). Plaintiff also states that Defendant Julie Bowers failed to remedy these defects on Plaintiff's first-level appeal, and that Defendant J. Barreras "intercepted and denied" Plaintiff's second-level appeal, and prevented it from being reviewed by ADC's Office of General Counsel. (*Id*. at 20).

In Count Four, Plaintiff alleges additional Fourteenth Amendment Due Process violations. (Doc. 42 at 4). He alleges Defendant Alexis Reyes filed a meritless disciplinary charge against him for making threatening or intimidating statements on October 23, 2023. (*Id*. at 22). Plaintiff characterizes the report as "retaliatory," and stated it caused him to be placed in detention. (*Id*. at 23). Plaintiff states Defendant Jiminez (first name unknown), the disciplinary coordinator, participated in these constitutional deprivations by failing to provide the requested number of witness statements and by otherwise failing to thoroughly investigate the matter. (*Id*). Plaintiff also stated that Defendant Martinez once again conducted the disciplinary hearing, but violated Plaintiff's constitutional rights by

disregarding Plaintiff's request to call witnesses and ignoring Plaintiff's request for access to evidence. (*Id*. at 26). Plaintiff again alleged Defendant Bowers "rubber-stamped" the guilty finding. (*Id*).

In Count Five, Plaintiff alleges retaliation in violation of the First Amendment. (*Id*. at 28). Plaintiff states that the several Defendants identified in Counts Four and Five violated his right to "voice grievances and to bring lawsuits for wrongs done by prison officials without being subjected to various forms of retaliation from the named Defendants[.]" (*Id*. at 28). Plaintiff asserts Defendants Reyes, Jiminez, and Martinez retaliated against him for expressing grievances with prison administration and for helping the inmate population understand the legal process. (*Id*. at 29). Plaintiff alleges Defendants improperly seized and destroyed his legal materials and conducted "botched" disciplinary proceedings to have him placed in detention and eventually transferred to several prison complexes around the state. (*Id*). Plaintiff further alleges that Defendants Mendoza, Zambrano, and Palmer inspected his legal boxes outside of his presence and seized and destroyed "voluminous amounts of Plaintiff's legal materials[.]" (*Id*. at 31). Plaintiff states that Defendant's actions hindered his ability to research, write, and prepare legal documents. (*Id*. at 32.) He further alleges that in December 2023, a John Doe Defendant destroyed his legal boxes in retaliation for his litigation activities. (*Id*. at 33).

## II.   Standard of Review

The district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."); *U.S. v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003). Objections are to the R&R, and are not to "be construed as a second opportunity to present the arguments already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp.2d 32, 34 (D.P.R. 2004). The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.

§ 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

### III. Discussion

Plaintiff argues that Defendant would not suffer undue prejudice by being allowed to add new constitutional claims, but concedes that allowing this amendment would "expand the scope of issues" in this matter. (Doc. 44 at 2). Plaintiff asserts that Defendant has yet to engage in discovery, so any prejudice would be "de minimus" at best, and that allowing amendment would conserve judicial resources. (*Id.*) Defendant argues that Plaintiff's Objections should be overruled because his arguments are repetitive and he should file a new suit to bring his new claims against new parties.

`A. **Applicable Law**

Under Federal Rule of Civil Procedure 15(a)(1), a party may amend its pleading once as a matter of course no later than:

> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). After that, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). When assessing the propriety of a motion for leave to amend, the Court considers several factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

Alternatively, at issue is whether the Court should allow supplementation of the First Amended Complaint. Rule 15(d), Federal Rules of Civil Procedure, pertains to supplemental pleadings:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d). "Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988) (citations omitted). It "provides a mechanism for parties to file additional causes of action based on facts that didn't exist when the original complaint was filed." *Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 874 (9th Cir. 2010) (citations omitted). Subsequent claims need not arise out of the same transaction or occurrence as the claims in the original complaint, but "some relationship must exist between the newly alleged matters and the subject of the original action[.]" *Keith*, 858 F.2d at 474 (citations omitted).

"While leave to permit supplemental pleading is favored, it cannot be used to introduce a **separate, distinct and new cause of action**[.]" *Planned Parenthood of S. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (cleaned up) (emphasis added). Like the standard for amending complaints, "leave to file a supplemental complaint should be freely granted unless there is undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or the supplement would be futile." *Womack v. GEO Grp., Inc.*, No. CV-12-1524-PHX-SRB, 2013 WL 491979, at *5 (D. Ariz. Feb. 8, 2013) (citations omitted); *Greenwich Inv. Mgmt. Inc. v. Aegis Cap. Corp.*, 2024 WL 1156568, at *7 (D. Ariz. Mar. 18, 2024).

### B. Counts Three and Four

On Counts Three and Four, Judge Boyle found that they "allege separate and distinct causes of action which are insufficiently connected to the claims Plaintiff alleged earlier[,]" consequently, "Plaintiff should not be permitted to supplement his [FAC] with these causes of action." (Doc. 42 at 7 (citing *Neely*, 130 F.3d at 402 (stating the rule "cannot be used to introduce a separate, distinct and new cause of action[.]"))). The Court agrees.

In the FAC, Plaintiff alleged that ADC's appellate procedures failed to give senders notice of censored content and that Defendants have a pattern and practice of ignoring meritorious complaints in violation of the Fourteenth Amendment's Due Process Clause. (Doc. 7 at 9–10). Now, in Plaintiff's proposed SAC, Count Three alleges that, after the original Complaint was filed, Defendant Salgado wrongfully implicated Plaintiff in a

physical altercation. (Doc. 31 at 14). As for Count Four, Plaintiff alleges that Defendant Reyes filed a meritless disciplinary charge against him for making threatening or intimidating statements, which also occurred *after* the FAC was filed. (*Id*. at 22).

Plaintiff's proposed Counts Three and Four each allege sufficiently separate and distinct acts which do not meet Rule 15's contours. (*Compare* Doc. 7 at 9–10 *with* Doc. 31 at 14, 22). For example, Plaintiff's original Count Three alleged that Defendant's appellate procedures for appealing censored content are ineffective and inadequate. (Doc. 7 at 9). However, in his new proposed Count Three, he states that Defendant Salgado fabricated an incident report in violation of Plaintiff's procedural due process rights. (Doc. 31 at 14). Plaintiff seeks to bring a new separate and distinct cause of action through a Rule 15 amendment—which he cannot do. *Neely*, 130 F.3d at 402 (stating the rule "cannot be used to introduce a separate, distinct and new cause of action[.]"). So, the Court will overrule Plaintiff's Objections to Judge Boyle's findings that Counts Three and Four should not be supplemented. *See* 28 U.S.C. § 636(b)(1)(C).

### C. Count Five

Plaintiff also objects to the Judge Boyle's finding on "discovery constraints remaining in place." (Doc. 44 at 3). While not clearly stated, the Court construes this argument as asserting that Judge Boyle erred in finding that the delay this new discovery would require would unfairly prejudice the existing Defendants. (*See* Doc. 42 at 10).

Judge Boyle found that Plaintiff's Count Five would "significantly expand the number of parties and the scope of issues a year and eight months into the case and would necessitate additional discovery." (Doc. 42 at 10). He also found that Plaintiff "alleges retaliation not for the specific act of filing this lawsuit alone, but for a history of advocating for his fellow inmates, filing formal grievances, and filing lawsuits, many of which are unrelated to the present case." (*Id*. at 9 (citing *Caruso v. Solorio*, 2019 WL 6009465, at *3-4 (E.D. Cal. Nov. 14, 2019) (holding that the allegations in the supplemental pleading "certainly bear some relation to the claim set forth in the original pleading, because the proposed supplemental pleading alleges retaliation against Plaintiff for litigating this very

1  case[,]" but ultimately denying the motion to supplement due to prejudice to the current
2  defendants))). In sum, the R&R concluded that allowing supplementation of the complaint
3  is unwarranted as to Count Five, and that Plaintiff may bring Counts Three, Four, and Five
4  in a new lawsuit. (*Id*. at 10). The Court agrees.

5  The Court is sympathetic to Plaintiff's predicament of attempting to litigate his
6  grievances from within the ADC. However, Rule 15(d) only allows for supplementation
7  where "some relationship" exists between the newly alleged matter and the subject of the
8  original action. *Keith*, 858 F.2d at 474. Here, there is no such relationship. In Plaintiff's
9  newly alleged Count Five, he seeks to bring a new claim against a new Defendant. Thus,
10 Judge Boyle did not err in finding that the Amendment should not be allowed due to it
11 "significantly" expanding "the number of parties and the scope of issues a year and eight
12 months into the case" which would necessitate additional and different discovery (Doc. 42
13 at 10 (citing *Aros v. Ryan*, 2014 WL 2616521, at *3 (D. Ariz. June 12, 2014) ("Granting
14 Plaintiff's request would essentially start the case over with a new defendant added and
15 discovery would need to start anew as to the new defendant. That kind of delay would
16 unfairly prejudice the existing Defendants.")).

17 In sum, the Court agrees with Judge Boyle that all three claims which Plaintiff seeks
18 to amend or supplement should be brought in a new lawsuit because they are "separate,
19 distinct and new cause[s] of action[.]" *Neely*, 130 F.3d at 402. Thus, this Court overrules
20 Plaintiff's objections and Judge Boyle's R&R is adopted in full. *See* 28 U.S.C.
21 § 636(b)(1)(C).

22 Accordingly,

23 **IT IS ORDERED** that the Magistrate Judge's R&R (Doc. 42) is **accepted** and
24 **adopted** as the Order of this Court and Plaintiff's Objections (Doc. 44) are **overruled**.
25 / / /
26 / / /
27 / / /
28 / / /

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend (Doc. 30) is **granted, in part** and **denied, in part** as follows:

- Plaintiff may supplement Counts One and Two of his First Amended Complaint **only** and shall file any Second Amended Complaint incorporating the proposed amendments within ten (10) days of this Order.
- Plaintiff shall **not** be allowed to amend his First Amended Complaint with Counts Three, Four, or Five, and Counts Three, Four, and Five shall be **dismissed** for the reasons stated herein.
- Defendants shall answer or otherwise respond to Plaintiff's Second Amended Complaint within fourteen (14) days after his filing.

Dated this 31st day of March, 2025.

Honorable Diane J. Humetewa
United States District Judge