**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martice Deshawn Wallace,<br><br>    Plaintiff,<br><br>v.<br><br>David Shinn, et al.,<br><br>    Defendants. | No. CV-23-00321-PHX-DJH (JZB)<br><br>**ORDER** |

Pending before the Court is "Plaintiff's Motion to Compel Discovery" ("Motion to Compel"). (Doc. 57.) Defendant Thornell responded (doc. 59), and Plaintiff replied (doc. 60). Also pending before the Court is Plaintiff's "Motion to Stay Summary Judgment Until the Court Requires the Defendant to Comply with Discovery Request" ("Motion to Stay"). (Doc. 64.) Defendant has responded and does not oppose the stay, pending the Court's ruling on the Motion to Compel. (Doc. 66.) For the reasons set forth below, both motions are denied.

**I.      Procedural Background.**

Plaintiff filed the Complaint initiating this civil action on February 21, 2023. (Doc. 1.) The Court dismissed the Complaint (doc. 6), and Plaintiff filed a First Amended Complaint on May 8, 2023 (doc. 7). Plaintiff alleged the Arizona Department of Corrections, Rehabilitation, and Reentry's ("ADCRR") Departmental Order ("DO") 914—pertaining to inmate mail and prohibiting inmates from receiving certain unauthorized content—violated the First Amendment because it was vague and

overbroad, and that it violated his First Amendment rights as applied to materials he was precluded from receiving. (Doc. 8 at 3-4.) Plaintiff also brought due process claims regarding ADCRR's grievance procedures. (*Id.* at 9-11.) Upon screening, the Court ordered Defendant Thornell to answer the First Amendment claims in Counts One and Two. (*Id.* at 12.) Defendant Thornell answered the Complaint (doc. 12), and the Court issued a Scheduling Order (doc. 14). Shortly thereafter, Defendant Thornell filed a Motion to Dismiss pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure. (Doc. 16.) Plaintiff responded (doc. 19), and Defendant replied (doc. 22). The Court denied the Motion to Dismiss. (Doc. 38.)

On June 30, 2024, Plaintiff filed a Motion to Amend the Complaint, along with a host of other motions. (Doc. 30.) The Court filed a Report and Recommendation recommending that the Motion to Amend be granted, in part. (Doc. 42.) The Court also amended the Scheduling Order to adjust all case management deadlines. (Doc. 43.) The presiding U.S. District Judge later adopted the Report and Recommendation. (Doc. 52.) The Second Amended Complaint was filed, and Defendant answered. (Doc. 55, 58.)

On April 7, 2025, Plaintiff filed the Motion to Compel. (Doc. 57.) On May 10, 2025, Defendant filed a Motion for Summary Judgment. (Doc. 61, 62.) The Court issued a *Rand* Order on May 12, 2025. (Doc. 63.) On May 14, 2025, Plaintiff filed the Motion to Stay. (Doc. 64.) Defendant responded stating no opposition. (Doc. 66.)

**II.     The Parties' Arguments on the Motion to Compel.**

On April 7, 2025, Plaintiff filed the Motion to Compel, which the Court interprets as a Motion for 56(d) Relief. Plaintiff seeks "an Order compelling the defendants to produce for inspection and copying the documents requested on June 14, 2023, or when this case opened up." (Doc. 57 at 1.) Plaintiff states he submitted to Defendant a request for production of documents pursuant to Rule 34, Federal Rules of Civil Procedure, and that Defendant failed to produce relevant case materials. (*Id.* at 2.) Plaintiff states he has attempted to resolve the dispute with Defendant's counsel, but counsel has not responded. (*Id.*) Alternatively, Plaintiff states Defendant is "using the Court's irregular discovery

constraints as his doorway to circumvent producing the evidence necessary to show exactly what Plaintiff is alleging." (*Id*. at 3.) Plaintiff states the documents he seeks are relevant to his as-applied constitutional claim. (*Id*.) He seeks "production of every censored item of his rejected content under the vague and overbroad provisions of the [DO 914 Policy regarding inmate mail] so he can demonstrate how the censorships were overbroad or unsupported by any provision of the 914 Policy itself." (*Id*. at 4.) He states he received from Defendant his grievances, complaints, and other documents pertaining to his administrative appeals, but not the censored documents. (*Id*. at 5.) Plaintiff invokes Rule 56(d). (*Id*.) He does so again in his Motion to Stay. (Doc. 64 at 2.)

As for the Motion to Compel, Defendant responds Plaintiff's motion is untimely, and that it is unclear exactly what documents Plaintiff is seeking. (Doc. 59 at 1, 4.) Defendant further responds that the censored materials were described to Plaintiff at his deposition, and that Defendant has already otherwise complied with Plaintiff's discovery requests. (*Id*. at 4.) Defendant does not oppose staying briefing on the Motion for Summary Judgment, pending the Court's ruling on Plaintiff's Motion to Compel. (Doc. 66.)

**III.    Legal Standard and Analysis.**

With a motion for Rule 56(d) relief, "[t]he requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (citations omitted).

Setting aside the question of whether Plaintiff's request is merely an attempt to circumvent DO 914 by procuring potentially illicit materials through the discovery process, it is unclear whether Plaintiff requests the materials intended for him that were confiscated pursuant to the 914 Policy, or whether he seeks *all* materials confiscated or censored under the Policy, including those intended for other inmates. (Doc. 57 at 4) ("In Plaintiff's request he requested production of every censored item of his rejected content

under the vague and overbroad provisions of the policy[.]"); (Doc. 60 at 2) ("Plaintiff wasn't speaking a dead language when he made it clear several times that he is seeking production of every censored item that was censored under the vague overbroad D.O. 914 Policy.") (emphasis in original); (Doc. 60 at 7) ("Plaintiff respectfully request[s] that . . . Defendant be ordered to produce all of Plaintiff's excluded content, along with all other excluded content excluded pursuant to Defendant's 914 Policy[.]"). This is an instance where the purposes of the Local Rules become self-evident. *See* LRCiv. 37.1(a) ("When a motion for an order compelling discovery is brought pursuant to Rule 37(a)(3)(B) of the Federal Rules of Civil Procedure, the moving party shall set forth, separately from a memorandum of law, the following in separate, distinct, numbered paragraphs: (1) the question propounded, the interrogatory submitted, the designation requested or the inspection requested; (2) the answer, designation or response received; and (3) the reason(s) why said answer, designation or response is deficient."). Plaintiff's Motion to Compel does not comply with the Local Rules, and for this reason, it is unclear which materials he seeks. This reason alone constitutes sufficient grounds for denying his motion. *E.g.*, *Rodrigues v. Ryan*, No. CV1408141PCTDGCESW, 2016 WL 4498458, at *3 (D. Ariz. Aug. 26, 2016).

Further, Plaintiff's Rule 56(d) affidavit, should the Court construe his attached Declaration as such, would also be insufficient to comply with the requirement that he set forth specific facts he hopes to elicit through further discovery and why those facts are essential to opposing summary judgment. *Fam. Home & Fin. Ctr., Inc.*, 525 F.3d at 827; *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018). The Court questions whether the discovery is even necessary (assuming Plaintiff seeks only his own confiscated materials), as Plaintiff admits he was already able to view some of the censored materials, in part, and counsel for Defendant described the materials to Plaintiff at his deposition. (Doc. 59 at 4; 59-1 at 16-20; 60 at 4.)

Most importantly, however, these issues should have or could have been resolved during the discovery period, which has expired. *Qualls ex rel. Qualls v. Blue Cross of*

*Cal., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994) ("We will only find that the district court abused its discretion [in denying a Rule 56(d) motion and further discovery] *if the movant diligently pursued [his] previous discovery opportunities*, and if the movant can show how allowing additional discovery would have precluded summary judgment.") (emphasis added). The Court extended all case management deadlines in the November 7, 2024, Order (doc. 43 at 2-3), resetting the deadline to complete discovery to February 7, 2025, and the deadline for filing motions regarding discovery to March 7, 2025. (*Id.* at 2.) Plaintiff had additional time to conduct discovery after the Court issued its Report and Recommendation on the Second Amended Complaint. (*See id.* at 2.) ("The Court will extend various case management deadlines to allow the parties additional time to conduct discovery on Counts One and Two. In the event Plaintiff is allowed to proceed on Counts Three, Four, and Five, the issue of discovery and other case management deadlines can be revisited."). Yet, as Plaintiff notes, he moves now to compel Defendant to produce documents he requested as early as June 2023.

The Court notes that Defendant answered the First Amended Complaint, and the Court issued its initial Scheduling Order, on September 6, 2023. (Doc. 12, 14.) Plaintiff improperly filed discovery requests on September 15, 2023. (Doc. 15).[1] Plaintiff later filed a "Reply to Defendant's Response to Plaintiff's [First] Request for Production[,]" although no response from Defendant had been filed at that time. (Doc. 15, 21.) Plaintiff argued, "Defendant has shown an unwillingness to resolve the discovery dispute informally, therefore Plaintiff's Motion to Compel discovery is forthcoming." (Doc. 21 at 7.)

Not only do Plaintiff's prior filings fail to comply with the Court's Scheduling Order (*see* Doc. 14 at 2, setting procedures for discovery disputes), the Federal Rules of

---

[1] *See* Fed. R. Civ. P. 5(d)(1)(A) ("Any paper after the complaint that is required to be served must be filed no later than a reasonable time after service. But disclosures under Rule 26(a)(1) or (2) and the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, *requests for documents* or tangible things or to permit entry onto land, and requests for admission.") (emphasis added).

Civil Procedure (*e.g.*, Fed. R. Civ. P. 37(a)(1), (noting a motion to compel must include a certification of good-faith conferral)), and Local Rules, but Plaintiff indicated the actual motion to compel would be "forthcoming." Plaintiff did not file it until 17 months later.[2] For the reasons set forth above, Plaintiff's Motion to Compel, which the Court construes as a Motion for 56(d) Relief, will be denied. Plaintiff's Motion to Stay will also be denied. Because Plaintiff claims to have not yet received the Motion for Summary Judgment, the Court will extend the deadline for his response.

Accordingly,

**IT IS ORDERED** Plaintiff's Motion to Compel (doc. 57) is **DENIED**.

**IT IS FURTHER ORDERED** Plaintiff's Motion to Stay (doc. 64) is **DENIED**.

**IT IS FURTHER ORDERED** Plaintiff's Response to the Motion for Summary Judgment (doc. 61) must be filed on or before **June 20, 2025**.

Dated this 21st day of May, 2025.

Honorable John Z. Boyle
United States Magistrate Judge

---

[2] Plaintiff also complains about the number of discovery requests this Court allowed, but it is also clear he was aware of the Court's limit of 15 Requests for Production when he propounded 28. (*See* Doc. 57 at 2) (Plaintiff states, "*After the Court issued its Scheduling Order*, Plaintiff submitted to Defendant a request for Production of Documents.") (emphasis added); (*see* Doc. 15, Plaintiff's 28 Requests for Production).